IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY WAYNE ANDERSON, #185 546, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-241-MHT |
| ) | [WO] |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Holman Correctional Facility in Atmore, Alabama, filed this 42 U.S.C. § 1983 complaint on April 9, 2015.[1] On May 18, 2015, the court directed Plaintiff to file an amended complaint. *Doc. No. 8*. Plaintiff filed an amended complaint on June 4, 2015, against the Alabama Board of Pardons and Paroles. *Doc. No. 9*. Upon review of the amended complaint, the court entered a Recommendation it be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the statute of limitations applicable to § 1983 complaints. Plaintiff filed an objection to the Recommendation and the court entered an order July 21, 2015, withdrawing the Recommendation. *See Doc. Nos. 11, 12*. The court then ordered Plaintiff to file an amendment to his amended complaint which stated the date of the initial decision, and any subsequent decisions, when he was considered for and denied parole by the Alabama Board of Pardons and Paroles ["the Board"] using the new 2002-2003 guidelines regarding parole set-offs.

---

[1] Although the Clerk stamped the present complaint "filed" on April 13, 2015, Plaintiff signed his complaint on April 9, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). In light of the foregoing and for purposes of the proceedings herein, the court considers April 9, 2015, as the date of filing.

*Doc. No. 12*. Plaintiff filed the amendment to his amended complaint on August 5, 2015. *Doc. No. 13*. This matter is now pending on Plaintiff's amended complaint and amendment thereto. Upon review, the court concludes this action is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. BACKGROUND

A jury convicted Plaintiff of murder in 1994 and he received a life sentence for this conviction. During post-conviction proceedings, Plaintiff was resentenced to 22 years imprisonment. Since his incarceration Plaintiff has been considered for parole several times. Plaintiff indicates that he was first considered for parole on September 15, 2003. The Board denied parole and set off Plaintiff's next parole consideration date for five years. Plaintiff was next considered for parole on October 17, 2007. The Board denied parole and again reset Plaintiff's next parole consideration date for five years. The Board reviewed Plaintiff for parole on February 27, 2013, and denied him parole with a re-set for further parole consideration "during the month of none." *See Doc. Nos. 9, 13*.

Plaintiff argues that when he was convicted in 1994, the Board was only given authority to set off parole consideration hearings for three years. Under new parole guidelines instituted in 2002-2003 regarding parole set offs, however, Plaintiff maintains that Defendants, in setting his parole consideration dates since 2003, have applied administrative rules which altered the frequency of his parole consideration dates from every three years to every five years. Plaintiff maintains at his most recent parole consideration held February 27, 2013, the Board permanently

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

denied him eligibility to be reviewed for parole again.[3] He complains that Defendants' retroactive application of parole statutes which changed the frequency of parole consideration dates to more than every three years violates his rights under the *Ex Post Facto* Clause. Plaintiff requests that Defendant be directed to immediately set a parole eligibility hearing date in accordance with the parole statutes and administrative rules which existed when he committed his offense in 1994. *Doc. Nos. 9, 13*.

## II. DISCUSSION

Plaintiff's claims are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp*., 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed the instant complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions);

---

[3] According to records maintained by the Alabama Department of Corrections, Plaintiff has presently served over twenty-one years on the twenty-two year sentence imposed on him by the Circuit Court for Jefferson County, Alabama, for his murder conviction. Because Plaintiff's most recent parole consideration hearing was held February 27, 2013, it is clear that the setting of a subsequent five-year parole consideration date would be beyond Plaintiff's end-of-sentence date. *Available at* http://www.doc.state.al.us/InmateHistory.aspx.

*see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of her injury. *Id*.

Here, Plaintiff should have known of his injury on or about September 15, 2003, when the Board denied him parole and set off his next parole consideration date for five years under the new 2002-2003 parole guidelines. "As of that time [Plaintiff] knew, or should have known, all of the facts necessary to pursue a cause of action. . . ." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The Board's September 2003 decision to deny Plaintiff parole and set off his next parole consideration date for five years "was a one-time act with continued consequences, and the limitations period was not extended." *Id.* "Each time [Plaintiff's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury." *Brown v Georgia Board of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). It was the initial decision by the Board in applying the new 2002-2003 parole guidelines to Plaintiff following his September 2003 parole consideration hearing which triggered the running of the limitation period. *Id*. "The successive denials of parole [and/or successive set offs for future parole consideration] do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." *Id.* at 1262. Plaintiff's claims are, therefore, barred as each subsequent parole review and/or five-year parole consideration set off following his September 2003 parole consideration hearing is not a continuing violation. Because Plaintiff failed to file the instant complaint until over two years after Defendants initially applied the 2002-2003 parole set off guidelines to him and notified him in September of 2003 that his next parole consideration was

set off for five years in accordance with the "new 2002-03 parole guidelines," the statute of limitations now bars consideration of his claims. Plaintiff's claims are, therefore, subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke*, 490 U.S. 319.

## II.  CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's amendment to the amended complaint, to the extent the pleading may be considered to contain a motion to amend to name as additional defendants Sandra Cochran, Eddie Cook, William Wynne, Phil Bryant, and Robert Longshore, the motion (*Doc. No. 13*) is GRANTED.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's amended complaint and amendment thereto (*Doc. Nos. 9, 13*) be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the statute of limitations;

2. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before September 25, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections

will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 11th day of September, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE